**DISTRICT OF COLUMBIA, Petitioner,**

**v.**

**G. G. FLEMING, Respondent.**

**No. 12162.**

United States Court of Appeals
District of Columbia Circuit.

Submitted Oct. 25, 1954.

Decided Nov. 10, 1954.

Mr. George C. Updegraff, Asst. Corp. Counsel for the District of Columbia, Washington, D. C., with whom Messrs. Vernon E. West, Corp. Counsel, Chester H. Gray, Principal Asst. Corp. Counsel, and George F. Donnella, Asst. Corp. Counsel, Washington, D. C., submitted on the brief, for petitioner.

No appearance for respondent.

Before WILBUR K. MILLER, PRETTYMAN and DANAHER, Circuit Judges.

WILBUR K. MILLER, Circuit Judge.

G. G. Fleming bought an automobile in the District of Columbia August 24, 1951, and immediately drove it to Hartford, Connecticut, where he had maintained a home for some seven years. He obtained a Connecticut license, paid that state an excise tax with respect to his car, and left it in Hartford for the use of his wife and their two daughters. At that time Fleming had been a government employee for about eighteen months, during which he lived at his mother's home in the District. He spent every other week end with his family in Hartford. The automobile was purchased in the District because Fleming's dealer in Hartford could not supply the type he wanted.

In September, 1952, Mrs. Fleming joined her husband here and soon thereafter they established a residence in this jurisdiction. When the then current Connecticut automobile license expired March 2, 1953, Fleming applied for a District of Columbia certificate of title, which is a prerequisite to the purchase of District license plates. The tax authorities refused to issue a certificate except upon payment of an excise tax of $22.50 under § 40–603(j), D.C.Code (1951), which is in pertinent part as follows:

" * * * [T]here is hereby levied and imposed an excise tax for the issuance of every original certificate of title for a motor vehicle or trailer in the District, * * * at the rate of 2 per centum of the fair market value of such motor vehicle or trailer at the time such certificate is issued, as determined by the Assessor of the District of Columbia or his duly authorized representatives. As used in this section, the term 'original certificate of title' shall mean the first certificate of title issued by the District of Columbia for any particular motor vehicle or trailer. * * * The issuance of certificates of title for the following motor vehicles and trailers shall be exempt from the tax imposed by this subsection:

\* \* \* \* \* \*

"(2) Motor vehicles and trailers purchased or acquired by nonresidents prior to coming into the District of Columbia and establishing or maintaining residences in the District."

Fleming paid under protest and filed on April 15, 1953, a petition for refund in the District of Columbia Tax Court. That court decided Fleming had acquired the automobile before he established a residence here, held the tax had been illegally assessed and collected, and ordered it refunded with interest. The District of Columbia seeks review in this court. It argues that Fleming established a residence here eighteen months before he bought the automobile.

The fact that the car was purchased in the District of Columbia is of no significance. The only question is whether Fleming had established a residence in the District before he acquired the au-

tomobile. If he had done so, he was liable for the tax no matter where the purchase was made. If he had not done so, he was not liable, even though the car was bought locally.

■ Decision turns, of course, on what Congress meant by the word "residences." The meaning of "residence" in a statute depends on the context in which the word occurs, upon its connotation as revealed by the other words which accompany it, and upon the purpose of the enactment in which it appears.[1]

■ Obviously the purpose of the exemption provision is to protect a nonresident who had acquired his automobile before becoming a resident. It points out how and when an exempt non-resident becomes a resident subject to the excise: by coming into the District and establishing residence. To come into the District is not enough. Remaining here for however long is not enough. Residence must be established. Thus it seems Congress did not intend long-continued physical presence, without more, to constitute residence.

■ Use of the word "establish" is a further clue to legislative intent. That word conveys the idea of fixing firmly, of making stable and permanent. One who comes into the District, lives in the home of another, and returns at frequent intervals to his long-established home in a distant state where his family have remained, can hardly be said to have "established" a residence here, no matter how long the arrangement continues.

Our conclusion is that "residence," though not synonymous with domicile, is more than the mere physical presence of one whose family and only home are in another jurisdiction.[2] Fleming's physical residence here was patently temporary and tentative until he and his wife established a home in the District. In holding him exempt from the excise, we do not attempt to lay down an iron-clad rule for the construction of the exemption provision. Cases thereunder will almost invariably present differing factual situations and must be decided on an *ad hoc* basis.

■ The District of Columbia argues the Tax Court erred in applying the exemption because Fleming did not expressly claim it in his petition. It contends that court should have confined its consideration to the following allegation in Fleming's petition:

"4. The assessment of tax is based upon the following error: No recognition of the fact that an excise tax had already been paid by the petitioner in the State of Connecticut."

This fact, it is said, did not entitle him to exemption from the local tax. We note, however, that the petition contains also a statement of the entire factual situation sufficient to make apparent the applicability of the exemption provision. We do not think Fleming's petition should be given the narrow construction for which the District contends.

Affirmed.

1. It should be noted that the statutory definitions of the words "residence" and "resident" contained in the District of Columbia income tax statute, § 47-1551c (s) and (t), have no application here.

2. It should be remembered that exemption from the excise tax does not relieve a non-resident from the duty of buying District license plates if his use of his automobile makes him subject to that duty.